# IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### ASHEVILLE DIVISION
### 1:11 CR 62

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| DEWEY CARLISLE FORD. ) | |
| ) | |
| _____ ) | |

**THIS CAUSE** came on to be heard before the undersigned at the close of a Rule 11 proceeding that was held before this court on December 20, 2011. At that time the court presented the issue of whether or not defendant should be detained pursuant to 18 U.S.C. § 3143(a)(2). This matter further came before the court pursuant to an oral motion made by counsel for defendant requesting that defendant continue to be released on terms and conditions of pretrial release pursuant to 18 U.S.C. § 3145(c). The defendant was present with his attorney, F. Wade Hall, Jr. and the government was present and represented through Assistant United States Attorney John Pritchard. From the arguments of counsel for the defendant and the arguments of the Assistant United States Attorney and the records in this cause, the court makes the following findings:

**Findings.** On August 2, 2011 a bill of indictment was issued charging the defendant with possession of child pornography in violation of 18 U.S.C. § 2252(a)(4)(B). On December 20, 2011 the undersigned held an inquiry, pursuant to

Rule 11 of the Federal Rules of Criminal Procedure and accepted a plea of guilty of the defendant to that charge. At the end of the Rule 11 proceeding, the court presented the issue of whether or not the defendant should now be detained, pursuant to 18 U.S.C. § 3143(a)(2).

**Discussion.** 18 U.S.C. § 3143(a)(2) provides as follows:

(2) The judicial officer shall order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and is awaiting imposition or execution of sentence be detained unless ----

(A)(i) the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or

(ii) an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; or

(B) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community.

From an examination of the records in this cause, it appears the defendant has now entered a plea of guilty on December 20, 2011 to the crime of possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B). That crime is one of the crimes that is referenced under 18 U.S.C. § 3142(f)(1)(A). The offense to which defendant has entered a plea of guilty is a "crime of violence" as set forth in 18 U.S.C. § 3156(a)(4)(C). The undersigned made an inquiry of Assistant United States Attorney John Pritchard as to whether or not there was going to be a recommendation

that no sentence of imprisonment be imposed upon the defendant. Mr. Pritchard advised the court that such a recommendation could not be made in this matter. As a result of the plea of guilty of defendant, the undersigned cannot find there is a substantial likelihood that a motion for acquittal or new trial will be granted. The undersigned cannot find that an attorney for the government has recommended or will recommend that no sentence of imprisonment be imposed upon defendant. It would thus appear the undersigned is required to apply the factors as set forth under 18 U.S.C. § 3143(a)(2) which require the detention of defendant.

Defendant's counsel argued that defendant should continue to be released despite 18 U.S.C. § 3143(a)(2). The undersigned considered such a motion as being that the defendant was contending that exceptional circumstances exist which would merit the continued release of defendant, pursuant to 18 U.S.C. § 3145(c). That statute provides as follows:

> (c) **Appeal from a release or detention order.**---
> An appeal from a release or detention order, or from a decision denying revocation or amendment of such an order, is governed by the provisions of section 1291 of title 28 and section 3731 of this title. The appeal shall be determined promptly. A person subject to detention pursuant to section 3143(a)(2) or (b)(2), and who meets the conditions of release set forth in section 3143(a)(1) or (b)(1), may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate.

In October 2009 United States District Judge Martin Reidinger instructed the

undersigned to conduct the exceptional circumstances determination as set forth by the above referenced statute.

The definition of what constitutes exceptional circumstances is set forth in United States v.Vilaiphone, 2009 WL 412958 (February 19, 2009 WDNC):

> Courts generally have defined "exceptional reasons" as circumstances which are "clearly out of the ordinary, uncommon, or rare." See United States v. Larue, 478 F.3d 924, 926 (8th Cir. 2007) (finding defendant's compliance with terms of pretrial release, lack of criminal record, payment of child support, and continued employment were not exceptional reasons warranting release); United States v. Lea, 360 F.3d 401, 403 (2d Cir. 2004) ("Exceptional circumstances exist where there is 'a unique combination of circumstances giving rise to situations that are out of the ordinary.'") (quoting United States v. DiSomma, 951 F.2d 494, 497 *2d Cir. 1991)). The fact that the Defendant has cooperated with the Government and has complied with the terms and conditions of his pretrial release do not constitute exceptional reasons warranting his continued release pending sentencing. See United States v. Little, 485 F.3d 1210, 1211 (8th Cir. 2007) ("It is not exceptional to expect every defendant to timely appear in court and to obey the court's order concerning pretrial conditions of release. Nor it is clearly out of the ordinary, uncommon or rare for defendants to cooperate in the investigation of their criminal acts."). Similarly, the Defendant's lack of a significant criminal history and his gainful employment, while commendable, do not rise to the level of "exceptional reasons." See Lea, 360 F.3d at 403-04 ("There is nothing 'exceptional about going to school, being employed, or being a first-time offender, either separately or in combination."). Finally, while the Court is cognizant of the hardships that the Defendant's detention will create for his immediate family, such hardships are common to nearly every case involving a term of imprisonment and thus do not qualify as "exceptional reasons" under § 3145(c). See United States v. Garcia, 340 F.3d 1013, 1022 (9th Cir. 2003) ("Hardships that commonly result from imprisonment do not meet the standard."); United States v. Mahabir, 858 F.Supp 504, 508 (D.Md. 1994)("A defendant's incarceration regularly creates difficulties for him

and his family. Courts have found that such purely personal considerations do not constitute exceptional reasons within the meaning of Section 3145(c).")

In the argument of defendant's counsel, counsel presented to the court Defendant's Exhibit 1 which is a letter to defendant's counsel from Susan O. Kirby, Ph.D. of Skyland Behavioral Health Associates, P.A. and Defendant's Exhibit 2 which is a letter dated December 15, 2011 from Wendy K. Coin, MD. In the letter of Dr. Kirby she describes that defendant has chronic pain due to osteoarthritis, spinal ataxia and degenerative disc disease. She further reports that defendant has a history of compulsive behaviors including abusing alcohol, shopping and viewing online child pornography. Dr. Kirby recommends that defendant be evaluated by a specialist in addiction and sexual disorders and participate in a 12 step program to help maintain his abstinence from alcohol. Dr. Coin, in her letter, states that defendant suffers from depression, obsessive compulsive disorder and severe musculoskeletal chronic pain and in her opinion defendant would not be considered as a threat to others. Counsel for defendant advised the court there had not been scheduled any type of medical procedure or other treatment for the defendant's physical or emotional conditions.

Comparing the evidence presented by the defendant with the definition of "exceptional circumstances" as set forth by Judge Reidinger in <u>Vilaiphone</u>, the

undersigned cannot find that the circumstances of the defendant are "clearly out of the ordinary, uncommon, or rare." The hardships that defendant's condition has created are those that are common to many defendants and thus would not be defined as "exceptional". As a result, undersigned will enter an order ordering that the terms and conditions of pretrial release of defendant be revoked and the defendant be placed in the custody of the United States Marshals pending sentencing.

**ORDER**

**IT IS, THEREFORE, ORDERED**, that defendant's oral motion for continued release is **DENIED** and the terms and conditions of pretrial release of defendant are hereby **REVOKED** and the defendant be taken into the custody of the United States Marshals pending sentencing in this matter.

Signed: January 11, 2012

Dennis L. Howell
United States Magistrate Judge