# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:16-cv-00255-MR
# [CRIMINAL CASE NO. 1:11-cr-00062-MR-DLH-1]

| | |
|---|---|
| DEWEY CARLISLE FORD, ) ) Petitioner, ) ) vs. ) ) UNITED STATES OF AMERICA, ) ) Respondent. ) _____ ) | **MEMORANDUM OF DECISION AND ORDER** |

**THIS MATTER** is before the Court on Petitioner's Motion under 28, United States Code, Section 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Doc. 1]. For the reasons that follow, the Court dismisses the petition as untimely and, alternatively, because it is without merit.

## PROCEDURAL HISTORY

On December 20, 2011, *pro se* Petitioner Dewey Carlisle Ford pleaded guilty in this Court, pursuant to a written plea agreement, to possession of materials involving the sexual exploitation of minors, in violation of 18 U.S.C. §§ 2252(a)(4)(B) and (b)(2). [Criminal Case No. 1:11-cr-62-MR-DLH-1

("CR"), Doc. 15: Acceptance and Entry of Guilty Plea; Doc. 14: Plea Agreement].

In preparation for Petitioner's sentencing hearing, the probation office prepared a presentence investigation report ("PSR"), calculating a total offense level of 33, and a criminal history category of I, yielding an advisory sentencing guidelines range of between 135 and 168 months. [CR Doc. 22 at ¶ 84: PSR]. The probation officer noted that Petitioner faced a term of imprisonment of not less than 10 years nor more than 20 years under 18 U.S.C. §§ 2252(a)(4)(B) and (b)(2). [Id. at ¶ 83].

On January 23, 2013, this Court sentenced Petitioner to 120 months' imprisonment. [CR Doc. 27: Judgment]. Judgment was entered on February 5, 2013. [Id.]. Petitioner appealed, but on October 29, 2013, the Fourth Circuit granted Petitioner's voluntary motion to dismiss the appeal. [CR Doc. 42-1 at 1].

Petitioner placed the instant petition in the prison mailing system on July 18, 2016, and it was stamp-filed in this Court on July 21, 2016. [Doc. 1]. In the § 2255 petition, Petitioner contends that he is entitled to relief under Johnson v. United States, 135 S. Ct. 2551 (2015).

## STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. After having considered the record in this matter, the Court finds that no response is necessary from the United States. Further, the Court finds that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## DISCUSSION

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act (the "AEDPA"). Among other things, the AEDPA amended 28 U.S.C. § 2255 to include a one-year statute of limitations period for the filing of a motion to vacate. The limitation period runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)-(4).

As noted, Petitioner's appeal of his conviction was dismissed on October 29, 2013. Thus, his conviction became final ninety days later, on January 27, 2014. See United States v. Sosa, 364 F.3d 507, 509 (4th Cir. 2004). Petitioner placed the instant § 2255 petition in the prison mailing system on July 18, 2016, well more than one year after his conviction became final. See Houston v. Lack, 487 U.S. 266, 275-76 (1988) (noting that, under the prison mailbox rule, a prisoner's document is deemed filed on the date it is delivered to prison officials for mailing). Because Petitioner did not file the instant § 2255 petition within a year of when his conviction became final, his petition is subject to dismissal as being untimely under § 2255(f)(1).

Acknowledging the untimeliness of his motion under § 2255(f)(1),[1] Petitioner argues that his motion is nevertheless timely because it was filed soon after he learned of the Supreme Court's decision in Johnson. [Doc. 1 at 12]. More specifically, Petitioner contends that he was "delayed in learning of [the Johnson] ruling due to my incarceration and lack of access to timely court rulings and feel this should be accepted under [§] 2255(f)(3)." [Id.].

To the extent that Petitioner contends that his motion is timely under § 2255(f)(3), this argument is meritless. Johnson was issued on June 26, 2015. As such, to be timely under § 2255(f)(3), the Petitioner must have filed his motion on or before June 26, 2016. As noted, Petitioner placed the petition in the prison system for mailing on July 18, 2016. Thus, Petitioner's motion is not timely under § 2255(f)(3).

To the extent that Petitioner appears to assert that he is entitled to equitable tolling, this argument is also without merit. To be entitled to equitable tolling, Petitioner must show (1) that he has diligently pursued his rights and (2) that some extraordinary circumstance prevented the timely filing. United States v. Oriakhi, 394 F. App'x 976, 977 (4th Cir. 2010).

---

[1] In Hill v. Braxton, the Fourth Circuit found that district courts are required to advise a *pro se* petitioner that his habeas motion or petition is subject to dismissal as time-barred under the AEDPA, and to give petitioner an opportunity to explain his delay before entering a sua sponte dismissal of the case. Id. at 706. The Court finds that, based on Petitioner's discussion of timeliness in his petition, the rule articulated in Hill v. Braxton, 277 F.3d 701 (4th Cir. 2002), has been satisfied.

Petitioner has not shown any justifiable reasons for applying equitable tolling in this case. He has failed to demonstrate any diligence on his part in filing his motion or that extraordinary circumstances prevented his timely filing. Thus, Petitioner's motion will be dismissed as time-barred.

Even if Petitioner's motion were not subject to dismissal for untimeliness, the Petitioner's motion, which seeks relief under Johnson, is without merit. In Johnson, the Supreme Court held that the residual clause of the definition of "violent felony" set forth in the Armed Career Criminal Act ("ACCA") is void for vagueness. Johnson, 135 S. Ct. at 2556, 2558. Here, Petitioner was convicted of possession of materials involving the sexual exploitation of minors, in violation of 18 U.S.C. §§ 2252(a)(4)(B) and (b)(2). Petitioner was not convicted under the ACCA, nor was his sentence enhanced due to the existence of any prior "violent felony" convictions. The Supreme Court's ruling in Johnson is therefore wholly inapplicable to Petitioner's conviction and sentence for possession of child pornography under 18 U.S.C. §§ 2252(a)(4)(B) and (b)(2).

## CONCLUSION

For the reasons stated herein, the Court will dismiss the § 2255 petition as untimely and, alternatively, because it is without merit.

The Court finds that the Petitioner has not made a substantial showing of a denial of a constitutional right. See generally 28 U.S.C. § 2253(c)(2); see also Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong") (citing Slack v. McDaniel, 529 U.S. 473, 484-85 (2000)). Petitioner has failed to demonstrate both that this Court's dispositive procedural rulings are debatable, and that his Motion to Vacate states a debatable claim of the denial of a constitutional right. Slack v. McDaniel, 529 U.S. 473, 484-85 (2000). As a result, the Court declines to issue a certificate of appealability. See Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts, 28 U.S.C. § 2255.

## O R D E R

**IT IS, THEREFORE, ORDERED** that Petitioner's § 2255 motion [Doc. 1] is **DISMISSED WITH PREJUDICE** as untimely and, alternatively, because it is without merit.

**IT IS FURTHER ORDERED** that the Court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

Signed: August 19, 2016

Martin Reidinger
United States District Judge